**Eric D. Ridley [SBN 273702]**
**LAW OFFICE OF ERIC D. RIDLEY**
567 W. Channel Islands Blvd. #210
Port Hueneme, CA 93041
(805) 244-5291 voice
(888) 953-3884 facsimile
ridley.eric@gmail.com

Attorney for Plaintiff
CRAIG SCHMITMAN

## UNITED STATES DISTRICT COURT
## CENTRAL JUDICIAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SCHMITMAN, a natural person;<br><br>     Plaintiff,<br>  vs.<br><br>PDC GLOBAL, Inc; and DOES 1-10, and each of them, inclusive,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. COPYRIGHT INFRINGEMENT<br>2. REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C §1202 et seq) |

**COMES NOW, PLAINTIFF,** CRAIG SCHMITMAN, and hereby alleges and complains as follows:

## I.

## INTRODUCTION

1. This is an action for copyright infringement arising out of the knowing and willful actions of Defendants PDC GLOBAL, INC (A California Corporation) ("PDC"), and DOES 1-10;

(collectively, "DEFENDANTS.") As alleged in greater detail below, Defendant PDC is a manager, owner, operator, executive, director, agent, or otherwise exerts control over or is controlled or directed by Defendant Does, that are alter egos and agents of one another and are inextricably intertwined, and that are, or have been, infringing Craig Schmitman's ("SCHMITMAN") original copyrighted photographic imagery, representing this stolen material as their own, using this material without compensation or licensing it from Plaintiff, and/or hosting infringements of SCHMITMAN's copyrighted material on the Internet, on a website created by, and/or owned and/or controlled by them.

2. Beginning at some unknown time, DEFENDANTS visited Schmitman's website, downloaded and/or copied, in material part, or in whole, copyrighted material owned by SCHMITMAN (Ex "A"), placed it on DEFENDANTS' website(s), or sites controlled by DEENDANTS, at:

> *pdcincglobal.com/about.htm* and at
> *pdcincglobal.com/_images/LAX2.jpg*

and represented the stolen imagery as DEFENDANTS' own original material (Ex. "B")

3. DEFENDANTS intentionally removed and/or altered Schmitman's Copyright Management Information ("CMI") by, *inter alia,* failing to reproduce the name of, and other identifying information about, the copyright owner of the work, including the information set forth in the notice of copyright which was published on Schmitman's website, and by failing to properly attribute copyright to SCHMITMAN, who at all relevant times owned, and owns, copyright to this image.

4. Defendants themselves, and each of them, knowingly and willfully committed copyright infringement. Because Defendants stole Plaintiff's original and copyrighted material, Plaintiff's business has suffered, and Plaintiff has been forced to bring this action.

## JURISDICTION AND VENUE

5. **Jurisdiction**

This action arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. **Venue**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a), because Defendants conducted business in this District, and because Defendants purposely availed themselves of business opportunities in this District.

7. **Personal Jurisdiction**

This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privileges and protections of doing business in California and in the United States, and material elements of Defendants' wrongdoing occurred in California and caused injury to Plaintiff in California. Defendant PDC also is a California Corporation, availing themselves of the benefits of having their corporate headquarters in California.

In addition, Defendants generate revenue from California customers, and their wrongful activity was expressly aimed at California, Plaintiff suffered resulting harm in California, and Defendants knew the harm was likely to be suffered in California, including within this judicial district. In particular, Defendants knew, or should have known, that their conduct would cause injury to Plaintiff in California. In addition, Defendants have engaged in the following conduct, *inter alia*:

   a.   Creating and/or hosting websites on their servers on which images and other material that infringe upon Plaintiff's copyrighted material are stored. Plaintiff is also informed and believes, and thereon alleges, that one or more of these websites is

based in California, and/or that these images and other material were transmitted to viewers in California or from California, and/or that the servers hosting the infringing images were located in California.

b.  Directly infringing Plaintiff's copyrighted material in California by distributing such material to users in California via the internet and other means;

c.  Materially contributing to the direct infringement of Plaintiff's copyrighted materials by users in California who view or download infringing material from servers under the control or supervision of Defendants;

d.  Representing Plaintiff's work as their own;

e.  Intentionally removing and/or altering Copyright Management Information from an image created and wholly owned by Plaintiff.

## THE PARTIES

8. Plaintiff SCHMITMAN is, and at all relevant times mentioned herein was, a California-based aerial photographer, having his principal place of business within Ventura County, California. SCHMITMAN has created, published, and copyrighted hundreds of extremely high-quality aerial photographs. SCHMITMAN also owns and operates the internet website located at aeronauticpictures.com, which domain name SCHMITMAN owns.

9. Defendant PDC is, a California Corporation.

10. Defendants Does 1 through 10, inclusive, are individuals or entities that own and/or control the Defendants, or any of them, or that are owned and/or controlled by the Defendants, or any of them, and which either directly or indirectly profit from and/or directly or indirectly infringe or facilitate the infringement of SCHMITMAN's copyrights, and/or are acting in concert with or conspiring with the Defendants to engage in the unlawful activities described in this Complaint. Does 1 through 10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown to SCHMITMAN. When SCHMITMAN ascertains the Doe Defendants' true names and capacities, SCHMITMAN

will seek leave to amend this Complaint to insert such true names and capacities. Plaintiff is informed and believes, and based thereon alleges, that each Doe Defendant acted with the other Defendants and is responsible for the harm and damages to SCHMITMAN alleged herein. (PDC, any other defendants, and the Doe Defendants are referred to hereinafter collectively as "Defendants,"

11. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein is in some manner responsible for the acts alleged herein and that, at all times mentioned herein, each of the Defendants, including each and every fictitiously named Defendant, was the principal, agent, servant, employee, alter-ego, instrumentality, representative, co-venturer, and/or partner of each of the other said Defendants, and in doing the things herein alleged, was acting within the course, scope, purpose and knowledge of such agency, employment, alter-ego, instrumentality, representation, co-venture, and/or partnership, and/or for the benefit of each other Defendant, and with the knowledge, permission and consent or with the approval or ratification of each other Defendant, and, as such, share liability with each other with respect to the matters complained of herein.

12. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, each of the Defendants, including each and every fictitiously named Defendant, conspired with, aided and abetted, and/or acted in concert with each and every other Defendant to harm, injure and damage SCHMITMAN as alleged herein and, in furtherance of the aforesaid conspiracy or other plan, each and every Defendant engaged in one or more of the overt acts hereinafter alleged.

13. Defendants, and each of them, advertise their services to United States and to California clients via, *inter alia,* the website located at pdcincglobal.com.

## SCHMITMAN's BUSINESS AND COPYRIGHTED MATERIAL

14. SCHMITMAN's business consists of the design, creation, production, marketing, promotion, and sale of photographic images, taken from the air.

15. SCHMITMAN creates custom, extremely high-quality, aerial imagery on assignment for clients. Additionally, he owns and operates the internet website aeronauticpictures.com, which offers his portfolio for viewing by prospective clients, as well as offering other aerial photographic imagery to be licensed for commercial and/or personal use. Consumers are provided access to content created and owned by SCHMITMAN and made available by payment of a licensing fee, which varies depending upon the intended usage of the final image.

16. SCHMITMAN derives his revenues from commissioned aerial photography assignments, as well as from sales of images on his website.

17. SCHMITMAN owns a substantial amount of valuable and unique copyrighted material, which SCHMITMAN has developed based upon his years of professional experience as an aerial photographer.

18. SCHMITMAN owns the copyrights in and to these works (the "SCHMITMAN Copyrighted Works"). Although copyright exists in the moment of creation, SCHMITMAN has also applied for and/or received Certificates of Copyright Registration from the Register of Copyrights for the SCHMITMAN Copyrighted Works. Under the Copyright Act, SCHMITMAN has the exclusive right, *inter alia*, to reproduce the SCHMITMAN Copyrighted Works, to distribute copies of the SCHMITMAN Copyrighted Works, to display copies of the SCHMITMAN Copyrighted Works, and to authorize or license any such activities.

19. SCHMITMAN has invested, and continues to invest, substantial sums of money, time, effort, and creative talent, not to mention great personal risk, to create and produce the SCHMITMAN Copyrighted Works. In addition, in order to produce and sell the SCHMITMAN Copyrighted Works, SCHMITMAN is required to make numerous payments, including, but not limited to, web hosting fees, legal costs, printing, and advertising and promotion costs.

20. In short, SCHMITMAN's business and livelihood is based upon his unique aerial photography skills and experience, as well as the copyrighted images that he owns and to which he licenses access. Unfortunately, the theft of copyrighted material on the Internet has reached epidemic proportions. Infringing websites such as those operated by Defendants exploit material that SCHMITMAN has spent substantial sums of money to create, and the SCHMITMAN Copyrighted Works, until recently, were being used by Defendants, offered as their own original work. As a result, SCHMITMAN's revenues have declined.

## DEFENDANTS' BUSINESS AND INFRINGING CONDUCT

21. At all relevant times, SCHMITMAN was available for commissioned aerial photography assignments, as well as offering many images for sale on his website at aeronauticpictures.com, but the subject image (Ex B) was **not,** at any relevant time, available for license. It was merely on Plaintiff's website as a portfolio example.

22. Defendants downloaded, hosted and provided the infringing images, on infringing websites operated in, or available to, residents of California, websites which have infringed upon the SCHMITMAN Copyrighted Works (Ex B). Defendants used the worldwide web, including hubs located in California, to download SCHMITMAN'S copyrighted images, manipulate and/or delete copyright management information and/or fail to attribute SCHMITMAN'S copyright, and transmit the infringing SCHMITMAN materials to users in California, including in this judicial district, who downloaded such materials onto their computers.

23. Defendants had actual knowledge that they were storing and displaying specific SCHMITMAN Copyrighted Works.

24. The works stored and displayed by DEFENDANTS were identical reproductions of the SCHMITMAN copyrighted works, excepting the manipulations and cropping engaged in by the Defendants, and each of them, to remove or alter Plaintiff's copyright management information

25. SCHMITMAN is an expert in the aerial photography, aviation, space and defense fields, having been retained as an expert for numerous television programs.

26. Defendants, and each of them, have ridden on and exploited SCHMITMAN's coattails and hard-earned credibility for their own pecuniary gain, all to the detriment of SCHMITMAN.

27. In every relevant action they took, Defendants acted with a consciousness of guilt.

28. Defendants' conduct has caused, and continues to cause, severe and irreparable harm to SCHMITMAN.

### COUNT I

COPYRIGHT INFRINGEMENT

(Against All Defendants)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. SCHMITMAN is the owner of all right, title, and interest to each of the SCHMITMAN Copyrighted Works.

31. SCHMITMAN has registered his works, which are the subject of this Complaint, with the United States Copyright Office.

32. Each of the SCHMITMAN Copyrighted Works consists of material original to SCHMITMAN and each is copyrightable subject matter.

33. Copyright protection is guaranteed once a work is created and exists in a fixed, tangible medium of expression, 17 U.S.C. §104(b)(1), (b)(2).

34. Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the SCHMITMAN Copyrighted Works without the consent or authority of SCHMITMAN, thereby directly infringing SCHMITMAN's copyrights.

35. Defendants' conduct constitutes direct infringement of SCHMITMAN's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

36. Defendants hosted and made the image available directly, to any visitor to defendant's websites (including, but not limited to natural persons and/or automated systems).

37. Defendants have induced, caused, and/or materially contributed to unauthorized reproduction, adaptation, public display, and/or distribution of the SCHMITMAN Copyrighted Works by allowing the infringement of such works to occur on their servers.

38. Defendants know, or have reason to know, that they hosted, created, or ratified websites which directly infringe SCHMITMAN's Copyrighted Works, because Defendants copied and published the SCHMITMAN Copyrighted Works on websites owned and/or controlled by them.

39. Defendants have no known DMCA designated agent under 17 U.S.C. § 512.

40. Defendants' conduct constitutes infringement and contributory infringement of SCHMITMAN's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 50l.

41. The infringement of SCHMITMAN's rights in and to each of the SCHMITMAN Copyrighted Works constitutes a separate and distinct act of infringement.

42. Defendants' infringement has been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of SCHMITMAN.

43. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, Plaintiff is entitled to his actual damages, and Defendants' profits, pursuant to 17 U.S.C. § 504(b).

44. Alternatively, Plaintiff is entitled to statutory damages for willful infringement, pursuant to 17 U.S.C. §504(c)(2), in an amount of $150,000.

45. Defendants' conduct by infringing is causing and, unless enjoined and restrained by this Court, will continue to cause, great and irreparable injury to SCHMITMAN that cannot fully be compensated in money. SCHMITMAN has no adequate remedy at law. Pursuant to 17

U.S.C. § 502, SCHMITMAN is entitled to injunctive relief prohibiting further infringements of his copyrights.

46. SCHMITMAN further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47. Defendants, and each of them conspired with each other, aided and abetted, conspired, worked with, and otherwise knowingly engaged in all of the above illegal acts.

48. Defendants, and each of them, in committing the above acts and omissions, acted willfully, intentionally, maliciously, recklessly, and in conscious disregard of the rights of Plaintiff, all justifying an award of punitive damages in an amount to be adduced at the time of trial.

## **COUNT II**

REMOVAL OR ALTERATION OF

COPYRIGHT MANAGEMENT INFORMATION

(17 U.S.C §1202)

(Against all Defendants)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff prominently lists his copyright ownership information on every page of his website which displays Plaintiff's images.

51. Defendants, and each of them, intentionally removed and/or altered Copyright Management Information ("CMI"), including Plaintiff's Notice of Copyright, when Defendants republished and infringed on Plaintiff's copyright.

52. Defendants intentionally omitted Plaintiff's copyright attribution from Plaintiff's infringing publication.

53. Defendants, and each of them, failed to properly attribute Plaintiff's copyright anywhere in the copy surrounding the infringing image, or on the infringing page.

54. Defendants, and each of them, committed these acts, knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright rights.

55. Defendants, and each of them, are therefore responsible for Plaintiff's actual damages, in an amount to be adduced at trial;

56. Defendants, and each of them, are therefore responsible for Statutory damages to Plaintiff pursuant to 17 U.S.C. §1203(c)(3)(B), in the amount of $25,000 per violation;

57. Defendants, and each of them, are therefore responsible for Plaintiff's costs and reasonable attorney fees.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SCHMITMAN prays for judgment against Defendants, and each of them, jointly and severally, as follows:


**COUNT I**

**COPYRIGHT INFRINGEMENT**

1. That Defendants, and each of them, and their respective officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:

    a. Operating in, selling into, or otherwise conducting any form of business in California;

    b. Directly or indirectly copying, reproducing, distributing, adapting, or publicly displaying the SCHMITMAN Copyrighted Works; and

    c. Causing, contributing to, enabling, facilitating or participating in the infringement of any of SCHMITMAN's copyrights, including without limitation, the SCHMITMAN Copyrighted Works covered by SCHMITMAN's copyright registrations.

2. That Defendants be ordered to destroy all photographs, documents, media, files, and other items, electronic or otherwise, in their possession, custody, or control, that infringe the copyrights of SCHMITMAN.

3. That Defendants be ordered to cease hosting and/or operating websites that infringe the copyrights of SCHMITMAN.

4. For punitive damages in an amount to be adduced at trial;

5. For Plaintiff's actual damages, and for disgorgement of all profits earned by any means attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

6. Alternatively, for statutory damages to Plaintiff, pursuant to 17 U.S.C. §504(c)(1), an amount of $30,000;

7. For damages for willful infringement, pursuant to 17 U.S.C. §504(c)(2), in an amount of $150,000;

8. For SCHMITMAN's costs in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

9. For prejudgment interest according to law;

10. That all awards be made jointly and severally; and

11. For such other and further relief as this Court deems just and proper.

## COUNT II

## COPYRIGHT MANAGEMENT INFORMATION

(Against All Defendants)

1. That Defendants disgorge all profits from operation of their website;

2. For Plaintiff's actual damages, in an amount to be adduced at trial;

3. For Statutory damages pursuant to 17 U.S.C. §1203(c)(3)(B), in the amount of $25,000 per violation;

4. For SCHMITMAN's costs in this action, including his reasonable attorneys' fees;

5. For pre-judgment interest according to law;

6. That all awards be made jointly and severally; and

7. For such other and further relief as this Court deems just and proper.

Dated: July 1, 2021

Respectfully Submitted,

**ERIC D. RIDLEY**
Attorney for Plaintiff,
CRAIG SCHMITMAN

# EXHIBIT A

INFRINGING USAGE



# EXHIBIT B

ORIGINAL COPYRIGHTED IMAGE



# **EXHIBIT C**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Karyn Temple Claggett

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-056-383**

**Effective Date of Registration:**
May 22, 2017

## Title

**Title of Work:** Group Registration of Published Photos, aerials & others, published June 23, 2013 to December 12, 2013; 104 photos.

**Content Title:** 534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0128, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0133, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0144, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0157, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0169, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0175, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0180, July 30, 2013;

aerial_photography_lax_5601_century_blvd_0049, July 01, 2013;
aerial_photography_los-angeles_aerial-view_mansion_4175, December 12, 2013;
aerial_photography_los-angeles_beverly-hills_city_hall_3515, December 11, 2013;
aerial_photography_ventura_4342, December 9, 2013;
aerial_photography_ventura_4965, December 9, 2013;
aerial_photography_ventura_4970, December 9, 2013;
aerial_photography_ventura_4973, December 9, 2013;
aerial_photography_ventura_4977, December 9, 2013;
aerial_photography_ventura_4981, December 9, 2013;
aerial_photography_ventura_4987, December 9, 2013;

aerial-filming_handheld_demo_video, August 15, 2013;
aerial-filming_los-angeles_1, July 25, 2013;
aerial-photo_irvine_hillside-homes_aerial-photography_orange-county_7491, July 12, 2013;
aerial-photographer_los-angeles, July 1, 2013;
aerial-photography_aerial-filming, June 24, 2013;
aerial-photography_camarillo_2269, July 21, 2013;
aerial-photography_lopresti_swiftfury_aerial-stock-photo, July 5, 2013;
aerial-photography_los-angeles_getty-center_selling_la_frame, July 19, 2013;
aerial-photography_los-angeles_malibu_peace-paddle_3489, August 30, 2013;
aerial-photography_los-angeles_playa-del-rey_distinctive-homes_04, July 5, 2013;

Page 1 of 4

aerial-photography_los-angeles_rc-7_crazy-hawk_picture_0060, November 25, 2013;
aerial-photography_san-diego_carlsbad_7574, July 7, 2013;
aerial-photography_san-diego_encinitas_7604, July 7, 2013;
aerial-photography_san-diego_san-onofre_nuclear_plant_picture_7551, July 7, 2013;

aerial-photography_selling_la_hgtv_0001, July 1, 2013;
aerial-photography_selling_la_hgtv_0002, July 1, 2013;
aerial-photography_ventura_real-estate_00015, July 1, 2013;
aerial-photography_ventura_walmart_aerial-photo_2505, July 12, 2013;
aerial-photography-los-angeles_aerial-filming, October 20, 2013;
aerial-photography-prices, July 1, 2013;
aerial-photography-santa-barbara_montecito_0632, September 11, 2013;
aerial-photography-santa-barbara_montecito_estate_0688, September 30, 2013;
aerial-stock-footage_truck_bridge_los-angeles_harbor_0040a, September 23, 2013;
aerial-stock-photo_west-hollywood_los-angeles_aidswalk_00161, July 7, 2013;
boeing_747_jal_los_angeles_aerial-photography_18, June 25, 2013;
burbank-equestrian-center_-aerial-photo_aerial-photography_los-angeles_7860, July 12, 2013;
century-city_aerial-photography_los-angeles_01, June 24, 2013;
cineflex_los-angeles_aerial-filming, June 24, 2013;
f-14_tomcat_airplane_picture_aircraft-carrier_stock-photo_78, July 2, 2013;
hollywood_aerial-stock-photography_hollywood-sign_0090, July 3, 2013;

los_angeles_aerial-photography_01, June 23, 2013;
los-angeles_aerial-photographer.2, July 1, 2013;
los-angeles_aerial-photographer, July 1, 2013;
los-angeles_aerial-photography_aidswalk-la.0022, July 1, 2013;
los-angeles_aerial-photography_aidswalk-la.0065, July 1, 2013;
los-angeles_aerial-photography_airplane.1, July 1, 2013;
los-angeles_aerial-photography_airplane, July 1, 2013;
los-angeles_aerial-photography_getty-center_the-getty, July 1, 2013;
los-angeles_aerial-photography_getty-center_the-getty_landmark, July 1, 2013;
los-angeles_aerial-photography_golf_golf-course_golfers_green, July 1, 2013;
los-angeles_aerial-photography_golf_golf-course_golfers_green_sand-traps, July 1, 2013;
los-angeles_aerial-photography_helicopter, July 1, 2013;
los-angeles_aerial-photography_mountaingate-country-club-golf-course, July 1, 2013;
los-angeles_aerial-photography_oil-refinery-picture_7383, July 7, 2013;
los-angeles_aerial-photography_pacific-design-center.0184, July 1, 2013;
los-angeles_aerial-photography_pink_trader-joes.west-hollywood.0071, July 1, 2013;
los-angeles_aerial-photography_real-estate.skirball-cultural-center.0119, July 1, 2013;
los-angeles_aerial-photography_real-estate_hillside-home_3594, July 5, 2013;
los-angeles_aerial-photography_westwood_0004, July 1, 2013;
los-angeles_aerial-photography_westwood_0005, July 1, 2013;
los-angeles_aerial-photography_yacht_sailboats, July 1, 2013;
los-angeles_litigation_aerial-photography, July 1, 2013;
los-angeles_real-estate_aerial-photography, July 1, 2013;
los-angeles_real-estate_mansions_aerial-photography, July 1, 2013;
los-angeles-aerial-photographer_lax_airport, July 1, 2013;
los-angeles-aerial-photographer_lax_airport_korean-air_b-747, July 1, 2013;
los-angeles-aerial-photographer_lax_airport_united-airlines_ual_747, July 1, 2013;

los-angeles-aerial-photographer_mojave_airport, July 1, 2013;

malibu_real-estate_aerial-photography_0001, July 1, 2013;
mountaingate-country-club-golf-course_los-angeles_photo, July 1, 2013;
northridge-earthquake_freeway_la-aerial-photography.0014, July 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0277, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0289, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0292, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0293, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0295, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0299, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0303, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0306, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0309, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0311, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0316, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0317, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0324, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0327, August 1, 2013;

rc-helicopter-photography_uav-photography_prices_01, July 24, 2013;
Ronald-Reagan_Presidential-Library_aerial-photo_2596, July 5, 2013;
santa_monica_pier_aerial_photo_0064, July 5, 2013;
santa-barbara-aerial_55, July 16, 2013;
sothebys_montecito_santa-barbara_real-estate_7749, July 24, 2013;
ventura_aerial_photography_4457, December 10, 2013;
ventura-aerial-photography_901-927_ventura-blvd_oxnard_052, July 9, 2013;
ventura-aerial-photography_5700_ralston_street_082_ventura, July 9, 2013;
ventura-county_aerial-photography_ventura-aerial-photo_0059, July 8, 2013;
website_png32_alpha_watermark_960x540, June 23, 2013;
west-coast-aerial-photography_emerald-point_7497, July 21, 2013;
wilshire-corridor_aerial_stock-photo_los-angeles_7317, July 11, 2013;

## Completion/Publication

|  |  |
|---|---|
| **Year of Completion:** | 2013 |
| **Date of 1st Publication:** | June 23, 2013 |
| **Nation of 1st Publication:** | United States |

## Author

- **Author:** Craig Schmitman

|                        |               |
|------------------------|---------------|
| **Author Created:**    | photograph    |
| **Work made for hire:**| No            |
| **Citizen of:**        | United States |

## Copyright Claimant

|                          |                                                          |
|--------------------------|----------------------------------------------------------|
| **Copyright Claimant:**  | Craig Schmitman<br>PO Box 3543, Ventura, CA, 93006       |

## Certification

|                                   |                 |
|-----------------------------------|-----------------|
| **Name:**                         | Craig Schmitman |
| **Date:**                         | July 05, 2017   |
| **Applicant's Tracking Number:**  | 2013 Published  |

|                      |      |
|----------------------|------|
| **Correspondence:**  | Yes  |